UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MELVIN LLOYD,

Plaintiff,

**DECISION AND ORDER**

v.

6:25-CV-06665 EAW

AMY NATALE-MCCONNELL,
SARA L. VALENCIA, KAVON MYRTHIL,
and THALIA WRIGHT, [1]

Defendants.

---

Plaintiff Melivn Lloyd ("Plaintiff"), proceeding *pro se*, commenced this action on November 14, 2025. (Dkt. 1). Plaintiff asserts claims against defendants Amy Natale-McConnell ("Natale-McConnell"), Kavon Myrthil ("Myrthil"), Thalia Wright ("Wright"), and Sara L. Valencia ("Valencia") (collectively "Defendants"), in their official and individual capacities. (*Id.*). Pending before the Court is a motion to dismiss filed by Natale-McConnell, Myrthil, and Wright (collectively "County Defendants"). (Dkt. 4).

For the reasons that follow, County Defendants' motion is granted.

[1] In their motion, County Defendants indicate that the last names of Myrthil and Natale-McConnell are misspelled in the complaint. The Clerk is directed to update the caption with the corrected spellings as set forth above.

## BACKGROUND

### I. Factual Background

The following facts are taken from the complaint. (Dkt. 1). As required at this stage of the proceedings, the Court treats Plaintiff's well-pleaded allegations as true.

Although the complaint is not a model of clarity, Plaintiff's claims appear to relate to his enrollment in a child support enforcement program set forth in Title IV-D of the Social Security Act, 42 U.S.C. § 651, *et. seq.*, which he refers to as the IV-D program. Valencia was the Support Magistrate employed by the Unified Court System of Monroe County Family Court who conducted an administrative hearing relating to Plaintiff's payment of child support. (*Id.* at 5-6, 11). The County Defendants appear to be individuals employed by Monroe County and its agencies. (*Id.* at 2-4). Plaintiff alleges that he was forced into a child support obligation that permitted the Child Support Enforcement Unit to collect monies through wage garnishment and suspend Plaintiff's personal and commercial drivers' licenses. (*Id.* at 11). Plaintiff tried to challenge the income-withholding order due to its invalidity but his claims were ignored. (*Id.*). Plaintiff also challenged the suspension of his drivers' licenses and his objections were denied. (*Id.*).

The exact nature of the claims Plaintiff asserts is not entirely clear but it appears that Plaintiff contends that Valencia violated the Separation of Powers doctrine, impersonated a public servant in violation of 25 C.F.R. § 11.432, falsely identified herself as a judge in violation of New York Penal Law § 190.26, engaged in improper activities with the Child Support Enforcement Unit in violation of New York Comp. Codes. R. and Regs. Tit. 22 § 50.1; violated her duties to act impartially and diligently in violation of Part 100 of the

code of Judicial Conduct, and violated Plaintiff's rights under the Fourth and Fifth Amendments. (*Id.* at 5-7).

He contends that Myrthil did not disclose an enrollment form showing that Plaintiff enrolled in the IV-D program, which violated the Child Support Enforcement Unit's code of conduct. (*Id.* at 7). He also alleges that by forcing Plaintiff to take part in the IV-D program, County Defendants conspired to unlawfully submit Plaintiff to a contract against his will in violation of the First and Thirteenth Amendments. (*Id.*). Plaintiff contends that his involuntary enrollment in the program violated the Social Security Act and other federal regulations and is unconstitutional. (*Id.* at 8-10).

## II. Procedural Background

Plaintiff commenced this action on November 14, 2025. (Dkt. 1). On December 17, 2025, County Defendants filed a motion to dismiss. (Dkt. 4). The Court issued a scheduling order setting Plaintiff's response deadline for January 16, 2016. No opposition was filed.

## DISCUSSION

## I. Rule 12 Legal Standards

### A. Rule 12(b)(1)

"Subject matter jurisdiction is a threshold question that must be resolved before proceeding to the merits." *United States v. Bond*, 762 F.3d 255, 263 (2d Cir. 2014) (citation modified). "A district court properly dismisses an action under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction if the court lacks the statutory or constitutional power to adjudicate it. . . ." *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.á.r.l,* 790 F.3d 411, 416-17 (2d Cir. 2015) (citation modified). "A plaintiff asserting subject matter jurisdiction

has the burden of proving by a preponderance of the evidence that it exists." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "When considering a motion to dismiss for lack of subject matter jurisdiction . . . a court must accept as true all material factual allegations in the complaint." *Shipping Fin. Servs. Corp. v. Drakos,* 140 F.3d 129, 131 (2d Cir. 1998); *see also Tandon v. Captain's Cove Marina of Bridgeport, Inc.,* 752 F.3d 239, 243 (2d Cir. 2014) ("In resolving a motion to dismiss under Rule 12(b)(1), the district court must take all uncontroverted facts in the complaint . . . as true, and draw all reasonable inferences in favor of the party asserting jurisdiction."). *Cf. Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 57 (2d Cir. 2016) (when a Rule 12(b)(1) motion is fact-based, evidence beyond the pleadings may be considered).

**B. Rule 12(b)(6)**

"In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the [pleading], documents attached to the [pleading] as exhibits, and documents incorporated by reference in the [pleading]." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010). A court should consider the motion by "accepting all factual allegations as true and drawing all reasonable inferences in favor of the plaintiff." *Trs. of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt.*, 843 F.3d 561, 566 (2d Cir. 2016). To withstand dismissal, a claimant must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the [claimant] pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for

the misconduct alleged." *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"While a [pleading] attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a [claimant]'s obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation modified). "To state a plausible claim, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *Nielsen v. AECOM Tech. Corp.*, 762 F.3d 214, 218 (2d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555).

In addition, "[i]t is well settled that *pro se* litigants generally are entitled to a liberal construction of their pleadings, which should be read 'to raise the strongest arguments that they suggest.'" *Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001) (quoting *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996)). When, as here, the Court is presented with an unopposed motion to dismiss, it may not grant the motion without reviewing the record and assessing if there is a sufficient basis to grant the requested relief. *Anderson v. Pedalty*, No. 14-CV-00192, 2015 WL 1735192, at *1 (W.D.N.Y. Apr. 16, 2015) ("[W]here a Rule 12(b) motion has not been opposed, [the] Court must review the merits of the motion and determine whether the movant has carried its burden.").

## II. <u>Federal Claims</u>

Plaintiff's constitutional claims appear to be asserted pursuant to 42 U.S.C. § 1983. "To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the

plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. Cnty. of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir. 1994)). "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)).

"To 'establish a defendant's individual liability in a suit brought under § 1983, a plaintiff must show. . . the defendant's personal involvement in the alleged constitutional deprivation.'" *Kravitz v. Purcell*, 87 F.4th 111, 129 (2d Cir. 2023) (quoting *Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013)). The theory of respondeat superior is unavailable in a § 1983 action. *Lax v. City Univ. of New York*, No. 20-3906-CV, 2022 WL 103315, at *3 (2d Cir. Jan. 11, 2022). "Instead, a plaintiff must. . . prove that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) (citation modified).

### A. *Rooker Feldman* and *Younger* Abstention Doctrines

The Court lacks subject matter jurisdiction because to the extent Plaintiff's claims seek to overturn state court child support orders or ask this Court intervene in ongoing state court matters, such claims are barred by the *Rooker-Feldman* and *Younger* abstention doctrines.

"*Rooker-Feldman* bars the federal courts from exercising jurisdiction over claims 'brought by state-court losers complaining of injuries caused by state-court judgments

rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Sykes v. Mel S. Harris and Assoc. LLC*, 780 F.3d 70, 94 (2d Cir. 2015) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp*., 544 U.S. 280, 284, (2005)). "[T]he *Rooker Feldman* doctrine has four requirements: (1) the plaintiff must have lost in state court; (2) the loss must have occurred before the district court proceedings commenced; (3) the plaintiff must complain of injuries caused by a state court judgment; and (4) the plaintiff must invite district court review and rejection of that judgment." *Walker v. Fam. Ct. Judge Catherine Cholakis*, No. 119CV1288(LEK/CFH), 2020 WL 3503158, at *3 (N.D.N.Y. June 29, 2020).

Accordingly, to the extent Plaintiff is seeking to appeal or undo child support orders that have already been issued by the state court, any such claims would be barred by the *Rooker-Feldman* doctrine. *Muchita v. Stack*, No. 1:25-CV-00285 (VSB) (SDA), 2026 WL 884775, at *4 (S.D.N.Y. Jan. 23, 2026) ("Where a plaintiff challenges 'the validity or enforcement of [a] child support order itself,' the *Rooker-Feldman* doctrine bars such a claim." (quoting *John of the Fam. Springer v. Stack*, No. 24-CV-06672 (LTS), 2025 WL 1115022, at *3 (S.D.N.Y Apr. 14, 2025)), *report and recommendation adopted*, 2026 WL 881271 (S.D.N.Y. Mar. 31, 2026); *Lehmann v. Erie Cnty. Dep't of Soc. Servs*., No. 24-CV-531JLS(SR), 2025 WL 1032017, at *4 (W.D.N.Y. Feb. 18, 2025) ("Courts have applied this [*Rooker-Feldman*] doctrine to bar claims challenging the enforcement of child-support orders by garnishment, seizure, and suspension of a child-support debtors driver's license. . . . A plaintiff may not overcome the doctrine by casting his complaint as a challenge to the constitutional adequacy of the state court proceedings." (citation modified)), *report and*

*recommendation adopted*, No. 24-CV-531 (JLS) (HKS), 2025 WL 1030450 (W.D.N.Y. Apr. 7, 2025); *Dudley v. Hochul*, No. 5:24-CV-0048 (DNH/ML), 2024 WL 1906594, at *4 (N.D.N.Y. May 1, 2024) (holding that *Rooker-Feldman* applies when "a litigant seeks relief that invites a federal district court to reject or overturn a final decision of a New York Family Court as to a child support dispute brought in that state court" (citation modified)), *report and recommendation adopted*, 2024 WL 2399913 (N.D.N.Y. May 23, 2024); *Masri v. Liebowitz*, No. 1:24-CV-1284 (LTS), 2024 WL 1639904, at *7 (S.D.N.Y. Apr. 15, 2024) ("Inasmuch as Plaintiff criticizes any final decisions of the Orange County Family Court and/or the Orange County Supreme Court in an effort to request that this Court overturn any of those courts' final decisions, the *Rooker-Feldman* doctrine bars this Court from granting him such relief.").

Alternatively, to the extent that the state court child support proceedings remain pending, Plaintiff's claims for declaratory or injunctive relief are barred by the abstention doctrine set out in *Younger v. Harris*, 401 U.S. 37 (1971). "*Younger* abstention is required when three conditions are met: (1) there is an ongoing state proceeding; (2) an important state interest is implicated in that proceeding; and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of the federal constitutional claims." *Morpurgo v. Incorp. Vill. of Sag Harbor*, 327 F. App'x 284, 285 (2d Cir. 2009) (citation modified).

"*Younger* applies if the federal action involves ongoing: (1) 'state criminal prosecutions'; (2) 'civil proceedings that are akin to criminal prosecutions'; or (3) civil proceedings that 'implicate a State's interest in enforcing the orders and judgments of its

courts.'" *Torres v. Gaines*, 130 F. Supp. 3d 630, 636-37 (D. Conn. 2015) (quoting *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013)). It is well settled that child support matters implicate important state interests and are subject to the doctrine. *Haynie v. NYS Child Support Enf't Agency*, No. 1:25-CV-0306 (MAD/TWD), 2025 WL 1332975, at *5 (N.D.N.Y. Apr. 3, 2025), *report and recommendation adopted*, 2025 WL 1174018 (N.D.N.Y. Apr. 23, 2025).

Put simply, Plaintiff's request that this Court intervene in the state court child support proceeding to undo certain court orders involve matters directed to the state's compelling interest and are appropriately addressed in that proceeding. *See, e.g.*, *Masri*, 2024 WL 1639904, at *6 ("To the extent that Plaintiff asks this Court to intervene in any his pending state court child-custody, child-support, and/or divorce proceedings, he has not alleged any facts showing that bad faith, harassment, or irreparable injury that is both serious and immediate has occurred with respect those proceedings. Thus, . . . the Court dismisses such claims under the *Younger* abstention doctrine."); *Curcio v. Grossman*, No. 22 CV 1648 (VB), 2022 WL 767167, at *7 (S.D.N.Y. Mar. 14, 2022) ("to the extent that Plaintiff asks this Court to intervene in [her pending state-court child-custody] . . . proceeding, the Court also dismisses those claims under the *Younger* abstention doctrine"); *Walker*, 2020 WL 3503158, at *4 (where the plaintiff challenged a temporary order in an ongoing child custody dispute, alleging that the temporary custody order was gained under "lies and false pretenses

and therefore should be considered invalid," finding application of *Younger* abstention barred the plaintiff's federal claims for injunctive relief).[2]

### B. Quasi-Judicial Immunity

In addition, County Defendants may be entitled to quasi-judicial immunity "for [the] performance of tasks which are judicial in nature and an integral part of the judicial process."

---

[2] County Defendants also argue that Plaintiff's claims are barred by the domestic relations exception to subject matter jurisdiction. (Dkt. 4-1 at 10). But the domestic relations exception deprives federal courts of the ability to handle cases involving divorce, alimony, or child custody matters in cases where jurisdiction arises under diversity of citizenship. Here, Plaintiff alleges that all parties reside in New York and asserts federal question jurisdiction. The Court therefore finds this exception inapplicable. *See Ortiz v. Brown*, No. 3:25-CV-01495 (OAW), 2026 WL 2322825, at *4 (D. Conn. Aug. 11, 2026) ("[T]he Second Circuit has held that the [domestic relations] exception applies only in cases where federal jurisdiction is based on diversity of citizenship, not where –as here – the plaintiff has raised a federal question."); *Garanin v. Murgolo*, No. 25-CV-1959 (AMD) (PK), 2026 WL 2098841, at *6 n.8 (E.D.N.Y. July 21, 2026) ("In diversity jurisdiction cases, the domestic relations exception deprives federal courts of diversity jurisdiction where a plaintiff seeks to modify or interpret the terms of an existing divorce, alimony, or child-custody decree. *See Ankenbrandt [v. Richards*], 504 U.S. 689, 704 (1992). The *Akenbrandt* exception to diversity jurisdiction does not apply here because all the parties are residents of New York.").

Although not raised by County Defendants, a related doctrine—the domestic relations abstention doctrine—does appear applicable to portions of the claims pursued by Plaintiff. *Etheridge v. City of N.Y.*, No. 25-CV-8707 (LTS), 2026 WL 734913, at *6 (S.D.N.Y. Mar. 16, 2026) ("Plaintiff's claims also implicate a narrower abstention doctrine for domestic matters. A federal district court generally must abstain from exercising federal question jurisdiction of claims in which it is "asked to grant a divorce or annulment, determine support payments, or award custody of a child" so long as those claims may be fully and fairly determined in the state courts."); *see also Muchita*, 2026 WL 884775, at *6 ("Claims related to child support are at least on the verge of being matrimonial in nature such that the domestic relations abstention doctrine applies." (citation modified)); *Phillips v. Schenectady Child Support Unite*, No. 1:24-CV-853 (BKS/PJE), 2025 WL 895035, at *8 (N.D.N.Y. Mar. 24, 2025) ("Courts in this circuit routinely dismiss actions for lack of subject matter jurisdiction, due to the domestic relations abstention doctrine, where the plaintiff is seeking review of child custody [and child support] proceedings."(citation modified)), *report and recommendation adopted*, 2025 WL 1191320 (N.D.N.Y. Apr. 24, 2025).

*Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997). A court employee's "acts that implement judicial decisions or that are performed at the direction or under the supervision of a judicial officer come under the ambit of judicial immunity." *McKnight v. Middleton*, 699 F. Supp. 2d 507, 252 (E.D.N.Y. 2010); *Marshall v. New York State Pub. High Sch. Athletic Ass'n, Inc.*, 374 F. Supp. 3d 276, 288 (W.D.N.Y. 2019) ("The doctrine of quasi-judicial immunity extends absolute immunity to 'certain others who perform functions closely associated with the judicial process.'" (quoting *Parent v. New York*, 786 F.Supp.2d 516, 535 (N.D.N.Y. 2011))). This immunity has been extended to individuals involved in the enforcement of child support orders. *See Kennedy v. Tulisano*, No. 3:23-CV-01352 (SFR), 2025 WL 2777123, at *7 (D. Conn. Sept. 29, 2025) (applying quasi-judicial immunity to child support enforcement officers); *Williams v. Lafler*, No. 25-CV-4263(GRB)(JMW), 2025 WL 2576678, at *4 (E.D.N.Y. Sept. 5, 2025) (applying quasi-judicial immunity to court clerks who notarized or otherwise processed child support orders).

Accordingly, to the extent that County Defendants were acting within their judicially-directed functions, they are entitled to absolute quasi-judicial immunity and the damages claims against them are subject to dismissal on this basis.

**C. Other Grounds for Dismissal**

Even to the extent that this Court has jurisdiction over Plaintiff's federal claims, the claims do not appear to be cognizable for several reasons.

County Defendants are empowered by statute to enforce child support orders. *Thomas v. Child Support Enf't Servs.*, No. 25-CV-2438 (NSR), 2026 WL 2255616, at *7 (S.D.N.Y. Aug. 5, 2026); *see also Lehmann,* 2025 WL 1032017, at *4 ("[O]nce a child

support order has been entered . . . past due support is treated as a judgment by operation of law and is enforceable in the same manner as a judgment." (citation modified)), *report and recommendation adopted*, 2025 WL 1030450 (W.D.N.Y. Apr. 7, 2025).

Moreover, "[t]o the extent that Plaintiff purports to assert a claim under Title IV-D, . . . any such claim should be dismissed because the statute does not give rise to a private right of action." *Muchita,* 2026 WL 884775, at *6; *see Wilson v. Connecticut Dep't of Pub. Health, Vital Recs*., No. 3:25-CV-168 (OAW), 2025 WL 3537388, at *3 (D. Conn. Dec. 10, 2025) ("[T]he court notes that other courts have found that other, related IV-D provisions do not provide any private right to action.").

Further, to the extent that Plaintiff intends to assert other federal claims, he has not alleged adequate personal involvement by each of the County Defendants, *Bugg v. Quiros*, No. 3:26-CV-996 (SRU), 2026 WL 2254800, at *3 (D. Conn. Aug. 5, 2026) ("As a corollary of the personal involvement requirement, complaints that rely on group pleading and fail to differentiate . . . which defendant was involved in the alleged unlawful conduct are insufficient to state a claim."), or otherwise artfully plead discernable viable claims.

## III. State Court Claims

To the extent that Plaintiff's complaint asserts independent state court grounds, because the federal claims must be dismissed, this Court must decide whether to exercise supplemental jurisdiction over any remaining state-law claims.

Under 28 U.S.C. § 1367(a), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they

form part of the same case or controversy under Article III of the United States Constitution." A district court may decline to exercise supplemental jurisdiction over a claim under many circumstances, including where "the district court has dismissed all claims over which it has original jurisdiction[.]" *Id.* § 1367(c)(3). "In general, where the federal claims are dismissed before trial, the state claims should be dismissed as well." *Delaney v. Bank of Am. Corp.*, 766 F.3d 163, 170 (2d Cir. 2014) (citation modified).

Given the decision at this stage that all of Plaintiff's federal claims against County Defendants are subject to dismissal, the Court will decline to exercise supplemental jurisdiction over Plaintiff's state-law claims.

## IV. Leave to Amend

As noted above, County Defendants have established that the claims as presently asserted by Plaintiff are subject to dismissal. Generally, the Court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999)).

Given that the Court lacks subject matter jurisdiction over the federal claims in Plaintiff's complaint and such claims may not be cured by more artful pleading, amendment would be futile. *Trefzger v. N.Y. St. Dep't of Labor*, No. 1:25-CV-833 (ECC/CBF), 2026 WL 2494820, at *3 (N.D.N.Y. Aug. 25, 2026) (declining to grant leave to amend where amendment would be futile for claims that court lacks jurisdiction to hear). Moreover, Plaintiff was given an opportunity to oppose County Defendants' motion and failed to do

so—meaning that if there was any possible argument as to why the Court possessed subject matter jurisdiction, Plaintiff had an opportunity to raise it and failed to do so. Thus, Plaintiff's federal claims against the County Defendants are dismissed without prejudice for lack of subject matter jurisdiction and the Court declines to exercise supplemental jurisdiction over the state law claims.

**CONCLUSION**

For the foregoing reasons, the motion to dismiss (Dkt. 4) filed by County Defendants is granted and the claims asserted against them are dismissed without prejudice.

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: September 9, 2026
Rochester, New York